WARD *v.* MAYOR AND ALDERMEN OF GREENEVILLE.

MUNICIPAL CORPORATION. *Police powers. Unreasonable exercise of.* An ordinance of a municipal corporation forbidding licensed retailers of spirituous liquors to sell between the hours of 6 P. M. and 6 A. M. is invalid, because an unreasonable exercise of the police powers of the municipal corporation.

FROM GREENE.

Appeal from Circuit Court.

NICHOLSON, C. J., delivered the opinion of the court.

The question in this case is, whether an ordinance of the town of Greeneville, forbidding licensed retailers of spirituous liquors to sell between the hours of 6 o'clock P. M. and 6 o'clock A. M. is valid, as a reasonable exercise of the police powers of the municipal corporation?

It was decided in *Smith & Lackey* v. *Knoxville,* that an ordinance of Knoxville, forbidding the sale of liquors by retailers after 9 o'clock P. M. was valid,.

and, in *Maxwell* v. *Jonesboro*, MS., that an ordinance restraining retailers from selling after dark, was valid.

In both of these cases it was held that it must be left to the corporate authorities to determine what restrictions are required upon the trade of retailers of liquors for the general good, and unless they are unreasonable and oppressive, they are valid and will be maintained.

The only question, therefore, open in this case is, whether the ordinance prohibiting the sale of liquors between the hours of 6 o'clock P. M. and 6 o'lock A. M. is invalid, because oppressive?

The State recognized the retail trade in liquors as legal, on condition that the retailer pays for the priv-ilege and procures a license. This license confers upon him the right to sell for one year, subject of course to the general laws of the State, declaring it unlawful to sell on specified days and at specified places. With these exceptions . the retailor has the authority of the State to follow his trade, day or night, for a year. How much of this time can he be forbidden to devote to his trade by the exercise of the police powers of a municipal corporation, without an unreasonable or oppressive infringement of his right? We have seen that it has been held that a limitation of the exercise of his right to daylight is not unreasonable or oppressive. In view of the peculiar nature of the trade, there is sound reason in prohibiting its exercise during the night time. But what is there in the trade which makes it necessary, for the preservation of good order and quiet, that it should not

be carried on for two hours before dark and for two hours after daylight? It must be borne in mind that a municipal corporation has no power, under the pretext of a public regulation, to prohibit the exercise of a right conferred by the the State. Whenever this is done, and to whatever extent, the prohibition, merely as a prohibition, is unreasonable, oppressive and invalid. The only reason which we can see for restraining the trade for two hours before dark, and for two hours after daylight, is, simply for the purpose of prohibition to that extent. The reason may be a sound one when viewed simply as a prohibitory measure; it might be equally sound if the prohibition was total and absolute. But the State has virtually forbidden a municipal corporation to exercise its police powers for purposes of prohibition merely. To be legitimate the prohibition must be so restricted as not to interfere unreasonably or oppressively with the rights conferred by the State. We are of opinion that a prohibition which deprives a party of several hours of daylight, in which he is forbidden to exercise a right conferred by the State, is unreasonable and oppressive.

It follows that the judgment of the circuit court was erroneous and must be reversed.